UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, an employee benefit plan, BRANDON FLINN, RAYMOND LINEHAN, ANDREW ORLANDO, GARY ELLIOTT, GALE JAMISON, DAVID GILLICK, JAMES MOLL, TOM DANIELS, JEFF SCHMIDT, THOMAS DAVIS, JERRY FLEMING, JOSEPH LERITZ, MIKE BENIGNO, and NORMAN MERLO, Trustees of the Greater St. Louis Construction Laborers Welfare Fund, and CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS, an employee benefit plan, and ANDREW ORLANDO, KENNETH KARSTEN, DAVID GILLICK, RICHARD MCLAUGHLIN, JEFFREY O'CONNELL, PASQUALE LOPICCOLO, DON WILLEY, JOSEPH BEETZ, GARY ELLIOTT, WILLIAM L. LUTH, DONALD GRANT, JOSEPH LERITZ, ROBERT FRITZ, and JAY SCHULTENHENRICH, Trustees of the Construction Laborers Pension Trust of Greater St. Louis, and ST. LOUIS VACATION FUND – VACATION PLAN, an employee benefit plan, and GARY ELLIOTT, BRANDON FLINN, JAY SCHULTENHENRICH, NORMAN MERLO and WILLIAM L. LUTH, Trustees of the St. Louis Vacation Fund – Vacation Plan, and AGC--EASTERN MISSOURI LABORERS' JOINT TRAINING FUND, an employee benefit plan, and LARRY BLOOMER, ANDREW ORLANDO, PERRI PRYOR, GARY ELLIOTT, RICHARD MCGUIRE, BRANDON FLINN, JOHN B. MORGAN, JOHN P. MULLIGAN, ROBERT J. WESOLICH, FRANCIS R. WOJEHOWSKI, CLIFF LAND, and JOHN J. SMITH, SR., Trustees of the AGC--Eastern Missouri Laborers' Joint Training Fund, and | No. 4:09-CV-698 CAS |

| | |
|---|---|
| LOCAL UNION NOS. 42-53-110, LABORERS INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, labor organizations, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ALBERN CO., a wholly owned subsidiary of KASTNER PLUMBING, INC., | ) ) ) |
| Defendant. | ) ) |

## DEFAULT JUDGMENT

Plaintiffs filed this action on May 6, 2009 to recover from defendant Albern Co. contributions to the Laborers Funds, liquidated damages on delinquent contributions, and interest, attorneys' fees, court costs, and payroll examination costs. Plaintiffs served defendant with the summons and complaint on May 13, 2009. Defendant has not entered an appearance or filed an answer. The Clerk of Court entered a default against defendant on June 15, 2009. On June 29, 2009, the Court issued a default order of accounting, ordering defendant to provide plaintiffs all its books, ledgers, payroll records, case distribution ledgers, and other documents reflecting all hours worked by and wages paid to defendant's employees since November 1, 2006. On April 28, 2010, plaintiffs move for default judgment, submitting in support of their motion the affidavits of Bernard Difani, John Massa, and attorney Emily Perez.

As established by the affidavit of Mr. Difani, defendant has been a party to collective bargaining agreements with Laborers Locals 42-53-110 ("the Agreements") since July 2, 2001. The Agreements require defendant to submit monthly reports and remit contributions to the Laborers Funds. The Agreements also authorize the Laborers Funds to audit the payroll and related records

of employers to determine whether the required contributions have been made. The Agreements require the payment of 20% liquidated damages on delinquent contributions, as well as interest, attorneys' fees, court costs, and payroll examination costs if suit is filed to enforce the Agreements. Pursuant to 29 U.S.C. § 1132(g)(2), plaintiffs are entitled to recover all of the principal contributions owed pursuant to the payroll examination, liquidated damages, interest, attorneys' fees, and costs.

Plaintiffs' accountants conducted a payroll examination of defendant's records for the period of November 1, 2006 to July 31, 2009. The examination reflected that a total of $4,056.32 in contributions, $811.27 in liquidated damages, and $20.29 in interest were owed to plaintiffs. On October 2, 2009, defendant submitted a payment of $4,056.32, which represents the delinquent contributions owed under the payroll examination. Plaintiffs have not received payment for liquidated damages or interest due under the payroll examination, which total $831.56.

Additionally, defendant owes plaintiffs $5,757.33 in liquidated damages for the months of August 2009 through January 2010. Plaintiffs have incurred $920.00 in payroll examination fees, $1,886.50 in attorneys' fees[1] and $400.00 in costs and fees in this matter. Based on the evidence presented, the Court finds that the services performed by plaintiffs' attorneys were reasonable and necessary to the litigation of this case, that the rates charged were reasonable, and that the amount sought for attorneys' fees is reasonable. The total amount owed by defendant to plaintiffs is $9,795.39.

Accordingly,

---

[1] Plaintiffs' motion seeks attorneys' fees in the amount of $2,445.00, but this amount is not supported by the affidavit of Emily R. Perez, which states the amount of attorneys' fees as $1,886.50.

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment is granted. [Doc. 16]

**IT IS FURTHER ORDERED** that judgment by default is entered in favor of plaintiffs and against defendant Albern Co. in the amount of Nine Thousand Seven Hundred Ninety-Five Dollars and Thirty-Nine Cents ($9,795.39).

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of August, 2010.